1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THUAN HUY HA, | ) | 1:07-cv-01400-AWI-JMD-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| NIEL H. ADLER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Thuan Huy Ha ("Petitioner") is a federal prisoner proceeding pro se in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner is currently in the custody of the United Stated Bureau of Prisons ("BOP") pursuant to a conviction for mail fraud and money laundering.  (Pet. at 1).  The United States District Court, Central District of California sentenced Petitioner to a term of one-hundred and sixty-eight months and ordered Petitioner to pay restitution, a criminal fine, and a special assessment. (Answer, Ex. 1).  Petitioner is housed at the Taft Correction Institution in California.  (Pet. at 3).

On September 42, 2007, Petitioner filed the instant petition for writ of habeas corpus pursuant to section 2241.  The Court ordered Respondent to file responsive pleading addressing the merits of Petitioner's petition, and Respondent submitted a response to the petition on March 17, 2008.

///

**Factual Background**

On October 20, 2006, Petitioner pled guilty to mail fraud, money laundering, and engaging in monetary transactions involving proceeds of specified unlawful activity. (Answer, Ex. 1).  In addition to imposing a one-hundred and sixty-eight month term of incarceration, the trial court ordered Petitioner to pay restitution in the amount of $1,441,351.54, a criminal fine of $100,000.00, and a special assessment $2,900.00.  Id.

Pursuant to the district court's order, payment of Petitioner's fine, restitution, and special assessment was due immediately upon the entry of the order.  Id.  The order provides "restitution shall be paid in full immediately, but partial payments shall be paid proportionally to each victim."  Id.  The district court's order does not specify a payment schedule and does not require Petitioner to make any payments through the BOP's Inmate Financial Responsibility Plan.  Id.

The BOP's IFRP applies to nearly all post-trial inmates in federal facilities. 28 C.F.R. § 545.10.  Under the IFRP, unit staff develop a financial plan for each inmate and monitor his or her progress in adhering to that plan. 28 C.F.R. § 545.11.  An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences. See 28 C.F.R. §§ 545.11(d).

Petitioner acknowledges that he initially agreed to participate in the IFRP at a rate of twenty-five dollars per quarter. (Pet. at 1).  Petitioner contends that in June of 2007, "that amount was increased to 150/quarter."  Id.  Although the petition suggests that the payment amount was unilaterally increased by either BOP staff or its agent, a review of the record reveals that Petitioner signed an agreement on June 5, 2007 agreeing to pay one-hundred fifty dollars per quarter. (Answer, Ex. 3).

Petitioner contends that the trial court erred by failing to set a precise schedule for Petitioner's restitution payments and that the court's failure to set a precise payment schedule amounts to an impermissible delegation of the court's scheduling duty to the BOP.

///

///

///

**Discussion**

**I. Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  A federal prisoner may challenge the terms of a restitution order in a habeas corpus petition pursuant to section 2241. See United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of petitioner's claim and holding that voluntary participation in IFRP did not warrant any relief under 2241); Montano-Figueroa v. Crabtree,162 F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's section 2241 challenge to IFRP as applied to payment of criminal fines); see also Dohrmann v. United States, 442 F.3d 1279, 1280-81 (11th Cir. 2006) (declining to grant relief under section 2241 because petitioner failed to challenge restitution order on direct appeal and could not demonstrate exceptional circumstances excusing such failure); but see Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (petitioner's claim characterized as a challenge to the validity of sentence and thus not cognizable under section 2241); Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114 (5th Cir. 1990) (holding that district court properly dismissed petitioner's section 2241 claims regarding alleged error in monetary assessment imposed with sentence because such error is properly challenged under 28 U.S.C. § 2255).

Respondent contends that habeas relief is unavailable to prisoners who do not contest the fact or duration of their confinement.  (Answer at 4).  Respondent's argument is contrary to the law of the Ninth Circuit.  See Lemoine, 546 F.3d at1046; Montano-Figueroa ,162 F.3d at 549.  In United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002), the Ninth Circuit held that prisoners may not challenge the terms of a restitution order under 28 U.S.C. § 2255.  Notably absent from the Ninth Circuit's analysis in Thiele is any mention of the blanket rule advanced by Respondent: that habeas relief only extends to persons seeking release from confinement.

///

...

Rather, in holding that section 2255 may not be used to challenge a restitution order, the Ninth Circuit relied on the language of section 2255, which expressly states "a prisoner in custody...*claiming the right to be released*;" unlike section 2255, section 2241 contains no such language.  See Thiele, 314 F.3d at 402; 28 U.S.C. § 2241.

Respondent cites Ramirez v. Galaza, 334 F.3d 850, 856-59 (9th Cir. 2003) for the proposition that Montano-Figueroa is "at odds with the prevailing law in the Ninth Circuit" to the extent that Montano-Figueroa permits courts to entertain 2241 actions with respect to restitution orders.[1]  The precise question before the Ninth Circuit in Ramirez was whether Heck v. Humphry, 512 U.S. 477 (1994) barred a prisoner's civil rights action under 42 U.S.C. § 1983 where the claim, if successful, might invalidate a disciplinary action that could affect the length of the prisoner's confinement. Ramirez, 334 F.3d at 852-53.  In holding section 1983 relief was available to the plaintiff, the Ninth Circuit stated "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Id. at 859.  First, the statements in Ramirez regarding habeas jurisdiction are dicta.  Second, the notion that habeas jurisdiction "is absent...where a successful challenge...will not *necessarily* shorten the prisoner's sentence" is an incorrect statement of law, because as the Ramirez Court itself acknowledged,  a prisoner may seek a writ of habeas corpus under section 2241 for "expungement of a disciplinary finding from his record if expungement is *likely* to accelerate the prisoner's eligibility for parole." 334 F.3d at 858 (citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)) (emphasis added).[2]

Given the lack of any binding authority supporting Respondent's contention and the Ninth Circuit's approach in Lemoine, the Court finds that a prisoner may challenge the terms of a restitution order under section 2241 where the prisoner alleges that the restitution order is being enforced in a manner contrary to federal law.  546 F.3d at1046; Montano-Figueroa, 162 F.3d at 549.
///

---

[1] Respondent also cites Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) for this proposition.  Badea lends even less support to Respondent's argument than Ramirez, as the Badea Court simply held that a habeas petition is not a proper vehicle for obtaining money damages.  Id.

[2] Refusal to participate in the IFRP may in fact prolong the duration of a prisoner's sentence, as the BOP may report an inmates failure to participate in the IFRP to the Parole Commission.  28 C.F.R. § 545.11(d) (1).

1  A petitioner filing a petition for writ of habeas corpus under section 2241 must file the

2  petition in the judicial district of the petitioner's custodian. <u>Brown v. United States</u>, 610 F.2d 672,

3  677 (9th Cir. 1990).  Petitioner is currently in the custody at the Taft Correctional Institution in

4  California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

5  Accordingly, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the

6  Eastern District.

7  **II.  Petitioner's Claim**

8  **A. The Trial Court Did Not Delegate Scheduling of Petitioner's Restitution Payments**

9  Petitioner contends that the restitution portion of his sentence is contrary to federal law

10  because the trial court failed to set a restitution schedule. (Pet. at 2).  Petitioner states that the trial

11  court's failure to set a restitution schedule amounts to a violation of the rule set forth in <u>United States</u>

12  <u>v. Gunning</u>, 401 F.3d 1145, 1149-51 (9th Cir. 2005), which holds that the trial court's duty to set a

13  restitution schedule under the Mandatory Victims Restitution Act of 1996 ("MVRA") is non-

14  delegable, <u>see</u> 18 U.S.C. § 3664(f)(2).

15  In <u>Gunning</u>, the trial court's order expressly delegated the task of determining the petitioner's

16  restitution schedule to the BOP via the IFRP guidelines.  401 F.3d at 1150.  Unlike the restitution

17  order at issue in <u>Gunning</u>, Petitioner's restitution order does not *require* Petitioner to participate in

18  the IFRP. (Answer, Ex. 1).  To the contrary, Petitioner concedes that he signed an Inmate Financial

19  Contract pursuant to which he agreed to participate in the IFRP. (Pet. at 1; Answer, Ex. 3).  "While

20  the MVRA forbids the wholesale delegation of scheduling responsibility to the BOP, nothing in the

21  text of the statute ...places any limits on the BOP's operation of an independent program, such as the

22  IFRP, that encourages inmates voluntarily to make more generous restitution payments than

23  mandated in their respective judgments."  <u>Lemoine</u>, 546 F.3d at 1048.  Accordingly, Petitioner's

24  restitution order does not violate the rule set forth in <u>Gunning</u>, as the trial court did not delegate the

25  scheduling of Petitioner's payments to the BOP.

26  ///

27  ///

28  ///

1

**B. Any Sentencing Error was Harmless**

2      Petitioner is entitled to relief only if the sentencing error in his case is not harmless. E.g.,

3 Butler v. Curry, 528 F.3d 624, 647 (9th Cir. 2008) (citing Washington v. Recuenco, 548 U.S. 212,

4 219 (2006)).  Under the MVRA, a "restitution order may direct the defendant to make a single,

5 lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of

6 payments at specified intervals and in-kind payments." 18 U.S.C. § 3664.  Assuming, without

7 deciding, that the trial court's restitution order is deficient for lack of a detailed payment schedule,

8 Petitioner is not entitled to relief under section 2241 because he has not suffered any harm as a result

9 of the sentencing error. Butler, 528 F.3d at 647.

10      To the extent Petitioner contends that a court-ordered restitution schedule would have

11 required him to pay less per month than his current payment schedule under the IFRP, the trial

12 court's failure to set a restitution schedule was rendered harmless when Petitioner voluntarily agreed

13 to participate in the IFRP.  See Lemoire, 546 F.3d at 1048 (MVRA does not prohibit prisoner from

14 voluntarily agreeing to pay more than required by the court-ordered restitution schedule).   To the

15 extent the trial court would have required Petitioner to pay more per month than he is currently

16 required to pay under the IFRP, Petitioner cannot argue that he has been harmed by the trial court's

17 error.  Accordingly, the trial court's failure to set a detailed restitution schedule was, at worst,

18 harmless error, and Petitioner is not entitled to relief under section 2241.

19

**<u>Recomendation</u>**

20      Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of

21 habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter

22 judgment for Respondent.

23      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

24 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

25 of the Local Rules of Practice for the United States District Court, Eastern District of California.

26 Within thirty (30) days after being served with a copy, any party may file written objections with the

27 court and serve a copy on all parties.  Such a document should be captioned "Objections to

28 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

1   filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

2   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   IT IS SO ORDERED.

6   **Dated:    February 24, 2009**            **/s/ John M. Dixon**
                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28